ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| SANDRA VISCAL RODRÍGUEZ<br><br>Recurrida<br><br>ANTONIO L. RIVERA GUZMÁN<br><br>Peticionario<br><br>EX PARTE | KLAN202400130 | Apelación acogida como certiorari procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>K DI2011-0592 (706)<br><br>Sobre:<br>RUPTURA IRREPARABLE |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 22 de mayo de 2024.

El peticionario, Antonio L. Rivera Guzmán (en adelante peticionario o señor Rivera Guzmán), solicita que revoquemos la decisión en la que el Tribunal de Primera Instancia (TPI) ordenó el archivo del caso. Aunque presentado el recurso como una apelación, lo atenderemos como un certiorari.

La recurrida, señora Sandra Viscal Rodríguez (en adelante, recurrida o señora Viscal), presentó su oposición al recurso.

Los hechos relevantes a la controversia que nos ocupa son los siguientes.

**I.**

Las partes estuvieron casadas. Durante su matrimonio procrearon dos hijos, que ya son mayores de edad. El peticionario solicitó al TPI en el pleito de alimentos que ordenara a ASUME el cierre del caso por falta de jurisdicción y la devolución de los dineros que le retuvo ilegalmente. El señor Rivera Guzmán alegó que ASUME se negaba a cerrar el caso y continuaba reteniéndole fondos y enviándolos a la recurrida. El peticionario adujo que

ASUME no tenía jurisdicción, porque los alimentistas eran mayores de edad. Según el peticionario, ASUME le retuvo ilegalmente un cheque de $10,919.18 y lo envió a la recurrida por concepto de pago de pensión alimentaria. El peticionario pidió al TPI que: (1) determinara que ASUME no tenía jurisdicción para cobrar y pagar la pensión alimentaria, (2) ordenara a ASUME cerrar el caso y cancelara el cheque de $10,919.18, girado a la orden de Sandra Viscal y (3) le devolviera esa cantidad.

La recurrida se opuso al cierre del caso en ASUME y alegó la falta de jurisdicción del TPI para revisar una determinación administrativa. Según la recurrida, el peticionario le adeuda $69,802.65 por los gastos de alimentos que él debió pagar y que ella sufragó. La señora Viscal alegó que el derecho que reclama fue reconocido en el caso K AC2012-1222 y pidió al TPI que ordenara al peticionario que le entregara el cheque que retuvo ilegalmente y autorizara el cobro de la deuda. La recurrida también argumentó que: (1) las deudas por pensiones atrasadas no pierden su carácter de deuda, porque el alimentista cumplió la mayoría de edad, (2) ASUME conserva la jurisdicción, porque las pensiones se acumularon mientras los alimentistas eran menores de edad, (3) ordenar a ASUME cerrar el caso era contrario a su propia reglamentación y **(4) en el caso de liquidación de bienes se dictó una sentencia parcial, en la que se reconoció su derecho a reclamar la deuda de pensión alimentaria y los honorarios de abogado.**

El peticionario alegó que la recurrida no tenía legitimación activa para representar a sus hijos, porque eran mayores de edad. Posteriormente presentó otro escrito en el que reiteró la solicitud.

El 16 de marzo de 2022, el TPI ordenó a ASUME a paralizar todo intento de cobrar la deuda reflejada en su sistema, certificar la cantidad depositada en la cuenta y consignar el balance adeudado

vigente. Además, ordenó citar a los interventores, Antonio Francisco y Natalia Luz Rivera Viscal. Véase, pág. 83 del apéndice.

ASUME informó que pagó a la recurrida $10,919.16, pero el cheque fue devuelto y que el peticionario adeudaba $136,094.76. Véase, págs. 84-85 del apéndice.

El peticionario pidió la descalificación de la Lcda. Carmen Mora como abogada de la recurrida, porque presentó argumentos a favor y en clara representación tácita de su hija, la ex alimentista Natalia Rivera. Según el peticionario, la abogada de la madre alimentante no puede representar a la hija porque existe un conflicto de intereses.

El TPI celebró una vista a la que ambas partes comparecieron en compañía de sus abogados. El interventor y alimentista mayor de edad, Antonio Francisco Rivera Viscal, compareció representado por abogado. La alimentista y mayor de edad, Natalia Luz Rivera Guzmán, no compareció. El tribunal hizo constar que no surge del expediente que el peticionario la citara.

El foro incluyó en sus determinaciones de hechos los siguientes. El 27 de junio de 2013, el tribunal fijó la pensión alimentaria final para los dos hijos menores de edad que las partes procrearon durante su matrimonio. El 27 de noviembre de 2013, el padre obtuvo la custodia provisional de su hijo y el tribunal ordenó a la madre el pago de una pensión. **El 5 de diciembre de 2013, el tribunal acogió la estipulación entre las partes sobre la existencia de una deuda de $135,000.00. Las partes acordaron la existencia de una deuda de $65,197.35 por la pensión alimentaria en beneficio de los menores y otra de $69,802.65 a favor de la recurrida, porque asumió los gastos de estudio que el peticionario estaba obligado a pagar.** El peticionario fue relevado del pago de la pensión alimentaria de su hija el 12 de marzo de 2016. El 5 de mayo de 2018, el interventor y alimentista, Antonio

Francisco Rivera Viscal, renunció a reclamar cualquier deuda de pensión alimentaria. El interventor advino a la mayoría de edad el 1 de marzo de 2014. Su derecho a reclamar el pago de la deuda de alimentos venció el 1 de marzo de 2019. La alimentista, Natalia Luz Rivera Viscal, advino a la mayoría de edad el 6 de agosto de 2016. Su derecho a reclamar por la deuda de alimentos prescribió el 6 de agosto de 2021. ASUME retuvo $10,919.18 pertenecientes al peticionario. El 3 de septiembre de 2021 emitió un cheque a favor de la recurrida por esa cantidad. No obstante, el peticionario retuvo el cheque, porque fue enviado a la propiedad ganancial donde reside. El tribunal no ha emitido ninguna Orden de retención de ingresos contra el peticionario. La recurrida reclamó el crédito por la deuda estipulada en el caso K AC2012-1222, sobre división de bienes gananciales. Véase, pág. 206 del apéndice del recurso.

El TPI se declaró sin autoridad para revisar la determinación de ASUME, porque el foro para hacerlo era el Tribunal Administrativo de ASUME. El foro primario no atendió la solicitud de descalificación de la abogada de la recurrida, debido a que no tenía jurisdicción y ordenó el cierre y archivo del caso. Posteriormente se negó a reconsiderar la decisión.

El peticionario acudió ante nos en el KLAN202300372 para que revocáramos la decisión del TPI de declararse sin jurisdicción y alegó que:

> ERRÓ EL TPI COMO CUESTIÓN DE DERECHO CUANDO DETERMINÓ QUE ASUME ERA EL FORO CON JURISDICCIÓN PARA ADJUDICAR UNA SOLICITUD DE CIERRE DE CASO Y LA DEVOLUCIÓN DE UN RETENIDO, EN UN CASO DONDE (1) LA LEY ORGÁNICA DE ASUME LIMITA SU JURISDICCIÓN A SOLO PENSIONES ALIMENTARIAS DE MENORES DE EDAD, (2) LOS DOS EX ALIMENTISTAS SON MAYORES DE EDAD, (3) LA PENSIÓN ALIMENTARIA YA FUE RELEVADA POR EL TPI, (4) LA SUPUESTA DEUDA DE PENSIÓN ALIMENTARIA SE CONVIRTIÓ LEGALMENTE EN UN CRÉDITO REGULAR CUANDO LOS EX ALIMENTISTAS ADVINIERON MAYORES DE EDAD, (5) NINGUNO DE LOS EX ALIMENTISTAS AUTORIZÓ A ASUME A CONTINUAR REALIZANDO GESTIONES DE

COBRO A SU FAVOR; (6) EL EX ALIMENTISTA ANTONIO FRANCISCO EXPRESAMENTE RENUNCIÓ Y RELEVÓ A SU PADRE, EL DEMANDADO, DE CUALQUIER DEUDA QUE ESTE LE DEBIERA POR CONCEPTO DE PENSIÓN ALIMENTARIA Y (7) EL COBRO POR LA EX ALIMENTISTA NATALIA DE LA ALEGADA DEUDA DE PENSIÓN ALIMENTARIA PRESCRIBIÓ EN AGOSTO DE 2021.

ERRÓ EL TPI COMO CUESTIÓN DE DERECHO AL NO CELEBRAR LA VISTA DE DESCALIFICACIÓN DE LA LCDA. CARMEN MORA POR REPRESENTAR INTERESES ENCONTRADOS EN VIOLACIÓN DEL CANON 21 DEL CÓDIGO DE ÉTICA PROFESIONAL.

El recurso fue atendido como un certiorari, porque el peticionario no pidió revisión de la adjudicación final de la controversia de un caso. El 2 de agosto de 2023 revocamos al foro primario, debido a que el Tribunal Supremo de Puerto Rico reconoció que ASUME y Tribunal de Primera Instancia tienen jurisdicción concurrente para atender cualquier asunto surgido posterior a la fijación de la pensión alimentaria. Igualmente, advertimos que la Ley de ASUME otorga jurisdicción al TPI para atender las solicitudes de alimento entre parientes, cuando los alimentistas son mayores de edad. Además, reconocimos que ASUME tiene autoridad legal para retener ingresos, pagar deudas y realizar cualquier otra gestión posterior a la fijación de la Orden de Pensión Alimentaria. No obstante, señalamos que el progenitor custodio pierde la legitimación activa para representar el alimentista, cuando este cumple la mayoría de edad. Por último, reconocimos que: (1) el alimentista mayor de edad es quien tiene en su haber la causa de acción de cobro de las pensiones vencidas y quien tiene que reclamar los alimentos futuros a los que cree tener derecho y (2) el alimentista, mayor de edad, puede condonar la deuda por las pensiones no pagadas en su minoría de edad.

Al amparo del derecho aplicable, concluimos que el TPI erró al no reconocer su jurisdicción para atender las controversias que presentó el peticionario. No obstante, concluimos que sus hijos, no

tenían legitimación activa para intervenir en los asuntos pendientes, porque el alimentista renunció a su derecho y en el caso de la alimentista, prescribió. Finalmente, revocamos la determinación recurrida, advertimos al TPI que le correspondía atender las controversias presentadas por el peticionario, le devolvimos el caso para la continuación de los procedimientos y enfatizamos particularmente lo siguiente:

> … que como la jurisdicción entre ASUME y el foro judicial es concurrente y el señor Rivera escogió el foro judicial, este último puede atender las reclamaciones administrativas sobre el cheque y el cierre del caso. Además, puede indagar sobre el status de la deuda estipulada el 5 de diciembre de 2013, ascendente a $135,000.00 que es una deuda personal compensable con un término prescriptivo de 15 años desde que el progenitor no alimentante pagó en exceso de lo que correspondía. *Toro Sotomayor v. Colón Cruz,* 176 DPR 528 (2009).

Véase, pág. 227 del apéndice.

El peticionario pidió al TPI que cumpliera el mandato del Tribunal de Apelaciones, adjudicara la solicitud de descalificación de la Lcda. Carmen Mora y ordenara a ASUME la devolución de todos los fondos retenidos, el cierre total del caso administrativo y la cancelación de todas las gestiones de cobro conforme ordenó el tribunal apelativo. Véase, pág. 243 del apéndice.

La recurrida alegó que el peticionario pidió remedios que no forman parte de la decisión del Tribunal de Apelaciones. Según la recurrida, el tribunal apelativo no determinó la extinción total de la deuda de alimentos estipulada y, por el contrario, concluyó que esa obligación era personal y tenía un término prescriptivo de 15 años. La recurrida argumentó que lo único que está prescrito es la acción de los hijos adultos para reclamar el pago de la pensión, pero adujo que eso no le impide recobrar la cantidad estipulada que pagó en exceso. Véase, pág. 270 del apéndice.

El 8 de noviembre de 2023, el TPI en cumplimiento con el mandato del Tribunal de Apelaciones y, sin fundamentar la

decisión, ordenó a ASUME el cierre del caso en ese foro, el cese y desista de toda gestión de cobro y la devolución de los $10,919.18, retenidos el 3 de septiembre de 2023 y los $845.88, retenidos el 18 de agosto de 2023. Véase, pág. 269 del apéndice.

El 7 de diciembre de 2023, el TPI se reafirmó en que procedía el cierre y archivo de este caso y en que era innecesario atender la solicitud de descalificación, tal como resolvió el 1 de marzo de 2023. Véase, pág. 277 del apéndice.

ASUME compareció el 14 de diciembre de 2023, en respuesta a la orden del 8 de noviembre de 2023. No obstante, informó que los $10,919.18 fueron cobrados por la recurrida y que correspondía al peticionario presentar una demanda de cobro de dinero en su contra. Por último, advirtió que la cantidad de $845.88 no había sido cobrada y que el asunto fue referido para la cancelación del cheque. Véase, págs. 279-280 del apéndice.

El 18 de diciembre de 2023, el peticionario presentó su oposición a la moción de ASUME. Según el peticionario, ASUME le entregó el dinero a la recurrida: (1) sin notificarlo al tribunal, ni a su persona, (2) sin darle el debido proceso de ley y (3) mientras estaba pendiente sus reclamos en el tribunal sobre la inexistencia de la deuda. El peticionario adujo que ASUME actuó de forma ultra vires en conjunto a la recurrida y que ambos pueden haber cometido un desacato y pidió al tribunal: (1) que ordenara a ASUME pagarle los $10,919.18, porque el que paga mal, paga dos veces, (2) ordenara a la recurrida a devolverle a ASUME esa cantidad y (3) señalara una vista para adjudicar los hechos sobre ese incidente y determinar si ASUME y la recurrida desacataron las órdenes del tribunal. Véase, pág. 287 del apéndice.

El peticionario solicitó reconsideración a la determinación del 7 de diciembre de 2023. La moción se presentó el 18 de diciembre de 2023. El peticionario alegó que el TPI no cumplió con el mandato

del Tribunal de Apelaciones. Según el peticionario, la solicitud de descalificación de la abogada de la recurrida no era académica, porque quedaban pendiente de resolver: (1) sus alegaciones sobre el incumplimiento de ASUME con la orden notificada el 9 de noviembre de 2023, (2) por qué ASUME entregó a la recurrida los fondos, como pago de una pensión alimentaria renunciada y prescrita y (3) la descalificación de la abogada de la recurrida. Véase, pág. 281 del apéndice.

El 8 de enero de 2024, el TPI atendió la solicitud de reconsideración y la oposición a la moción de ASUME presentadas por el peticionario y resolvió: NADA QUE DISPONER. DEBERÁ RADICAR ACCIÓN INMEDIATA CON LA ASUME. ESTA SALA NO TIENE ASUNTOS PENDIENTES DE ALIMENTOS, RAZÓN POR LA CUAL ES ACADÉMICA LA SOLICITUD DE DESCALIFICACIÓN DE LA LCDA. MORA. Véase, págs. 297-298 de apéndice.

El peticionario presentó este recurso en el que alega que:

ERRÓ EL TPI COMO CUESTIÓN DE DERECHO CUANDO RENUNCIÓ IMPLÍCITAMENTE A SU JURISDICCIÓN Y LE ORDENÓ AL DEMANDADO RADICAR UNA NUEVA ACCIÓN ADMINISTRATIVA NUEVA CON ASUME PARA PODER RECOBRAR LOS FONDOS RETENIDOS QUE ASUME INDEBIDAMENTE LE ENTREGÓ A LA DEMANDANTE SRA. VISCAL, YA QUE ESA RENUNCIA DE JURISDICCIÓN ES CONTRARIA AL MANDATO Y LA LEY DEL CASO DE LA SENTENCIA DEL RECURSO NUM. KLAN202300372 Y ADEMÁS ES CONTRARIA AL PODER INHERENTE QUE TIENE EL TPI PARA HACER VALER LA SENTENCIA DEL TAPR Y SU ORDEN DEL 9 DE NOVIEMBRE DE 2023 ORDENANDO LA DEVOLUCIÓN DE LOS FONDOS RETENIDOS.

ERRÓ EL TPI COMO CUESTIÓN DE DERECHO AL REHUSAR ENTRAR A ADJUDICAR LA SOLICITUD DEL DEMANDADO PARA QUE SE APLICARAN LOS REMEDIOS PROVISTOS POR EL DERECHO PARA RECUPERAR LOS FONDOS INDEBIDAMENTE ENTREGADOS A LA SRA. VISCAL Y PARA QUE ESOS FONDOS LE FUERAN FINALMENTE DEVUELTOS AL DEMANDADO JUNTO CON SUS INTERESES LEGALES.

ERRÓ EL TPI COMO CUESTIÓN DE DERECHO AL REHUSAR, ADJUDICAR Y CONCEDER LA SOLICITUD DE DESCALIFICACIÓN DE LA LCDA. CARMEN MORA, YA QUE LA MISMA NO SE HABÍA TORNADO

ACADÉMICA Y PROCEDÍA COMO CUESTIÓN DE DERECHO.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 2023 TSPR 65, 212 DPR \_\_\_ (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.*, 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Advertimos que esta Regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil, *supra,* específicamente dispone que el recurso de *certiorari* solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.

> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de

Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen, sino que el foro apelativo cuenta con los criterios enumerados en dicha Regla para asistirlo y determinar si en un caso en particular procede que

se expida el auto discrecional de *certiorari*. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, a la pág. 23, 213 DPR ___ (2023).

Los tribunales apelativos no debemos intervenir en las determinaciones del foro primario, a menos que se demuestre que el juzgador: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

Los progenitores no tienen legitimación activa para representar a un hijo alimentista mayor de edad o para continuar el cobro de las cuantías no satisfechas. La acción para reclamar alimentos pertenece al alimentista, aun cuando haya sido iniciada por uno de sus progenitores, cuando era menor de edad. El progenitor demandante que comparece como representante del alimentista menor de edad, es un tercero frente al alimentante. *Toro Sotomayor v. Colón Cruz,* supra, pág. 535.

El alimentante que paga en exceso de lo que le corresponde, tiene un crédito que puede reclamar en una acción independiente al caso de alimentos. La figura del pago por tercero le permite recobrar lo pagado en exceso. La acción de pago por tercero nace, cuando uno de los progenitores paga la pensión que le corresponde pagar al otro de los padres. La obligación alimentaria se extingue en el momento en que el tercero hace el pago, pero nace a su favor, una acción de reembolso. El término para ejercitar la acción de reembolso es de 15 años, contados a partir del momento en que el tercero hizo el pago. *Toro Sotomayor v. Colón Cruz,* supra, pág. 537.

El Tribunal Supremo de Puerto Rico ha reconocido expresamente que el progenitor que retuvo la patria potestad y custodia no puede reclamar el pago de las pensiones alimenticias

atrasadas y debidas a sus hijos alimentistas mayores de edad. No obstante, puede reclamar en el pleito de alimentos, la existencia de una deuda a su favor, por los pagos que tuvo que hacer ante el incumplimiento del otro progenitor con la pensión alimenticia. Dicho crédito debe ser satisfecho de los bienes personales del padre deudor. *Toro Sotomayor v. Colón Cruz,* supra, págs. 537-538.

### C.

El legislador creó la Administración de Sustento de Menores para establecer un procedimiento expedito que refuerce la política pública del Estado que garantiza el mejor bienestar de los menores. *Torres Rodríguez v. Carrasquillo Nieves,* 177 DPR 728, 739 (2009).

### D.

Los derechos y obligaciones adjudicados mediante un dictamen judicial final y firme son la ley del caso. El propósito de la doctrina de la ley del caso es evitar que los tribunales reexaminen asuntos ya considerados dentro de un mismo caso. Las controversias adjudicadas por el foro primario o por un tribunal apelativo, de ordinario, no pueden ser reexaminadas. Así se garantiza un trámite ordinario y expedito en los casos y se promueve la estabilidad y certeza del derecho. Un dictamen judicial se convierte en la ley del caso, cuando constituye una decisión final en los méritos de la cuestión considerada y decidida. Esta doctrina aplica a las controversias adjudicadas por los tribunales de instancias y apelativos. Las determinaciones de un tribunal apelativo constituyen la ley del caso en todos los asuntos considerados. Su cumplimiento es obligatorio, tanto para el foro de instancia como el apelativo. *Berkan et al. v. Mead Johnson Nutrition,* 204 DPR 183, 200-201 (2020); *Cacho Pérez v. Hatton Gotay y Otros,* 195 DPR 1, 8-9 (2016).

No obstante, la doctrina de la ley del caso permite excepciones y no constituye un mandato inflexible, porque su objetivo es servir a

favor de la justicia y no de la injustica. Una norma de derecho distinta puede aplicarse en circunstancias excepcionales, cuando la determinación previa es errónea y puede causar una injusticia grave. La aplicabilidad de esta doctrina solo puede descartarse cuando se presenta un atentado contra los principios básicos de la justicia. *Berkan et al. v. Mead Johnson Nutrition,* supra, págs. 201-202; *Cacho Pérez v. Hatton Gotay y Otros,* supra, pág. 9; *Noriega v. Gobernador,* 130 DPR 919, 931 (1992); *Don Quijote Hotel v. Tribunal Superior,* 100 DPR 19, 30 (1971).

**E.**

Los jueces estamos obligados a atender los casos, las controversias y los conflictos con diligencia, sensibilidad e imparcialidad. Este dogma tiene mayor importancia en las salas de relaciones de familia donde los asuntos deben adjudicarse con la mayor diligencia y garantizando los derechos de todas las partes. La razón para tal importancia es que allí es donde se dilucidan los aspectos más íntimos del pilar de sociedad que es la familia. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 826-827 (2023).

La Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, garantiza el acceso a los tribunales y la solución justa, rápida y económica de todos los procedimientos. 32 LPRA Ap. V, R. 1. Otros principios cardinales de nuestro derecho procesal son: (1) evitar la multiplicidad de pleitos, (2) adjudicar en una causa las distintas reclamaciones de las partes, cuando la naturaleza de sus causas lo permita, (3) evitar la proliferación de acciones, (4) lograr la economía procesal e (5) impedir la indeseable probabilidad de fallos incompatibles sobre un mismo incidente. *Vives Vázquez v. ELA,* 142 DPR 117, 125 (1996).

**III.**

La Regla 52.1 nos confiere discreción para atender este recurso, debido a que la controversia es sobre un asunto de relaciones de familia.

Los errores señalados se reducen a determinar si el TPI erró al ordenar el cierre y archivo del caso.

El peticionario alega que el TPI tenía que atender y resolver la solicitud de descalificación de la Lcda. Carmen Mora como abogada de la recurrida. El error señalado no fue cometido, porque la solicitud de descalificación se convirtió en académica. La petición es académica porque la alimentista, ya no tiene ninguna causa de acción. Su derecho a pedir el pago de la pensión alimentaria adeudada expiró.

El TPI ordenó correctamente el cierre del caso en ASUME. La agencia perdió su jurisdicción porque ya no existe un caso de alimentos de menores. El alimentista es mayor de edad y renunció a todo reclamo de alimentos contra su padre. La alimentista también es mayor de edad y su causa de acción para reclamar alimentos a su progenitor expiró. Sin embargo, el foro primario resolvió incorrectamente que el peticionario tenía que presentar una acción inmediata con la ASUME para recuperar el dinero pagado indebidamente a la recurrida. La decisión es incorrecta y contradictoria. El propio TPI resolvió que ASUME ya no tiene jurisdicción, porque no existe un caso de alimentos. **La única reclamación que queda viva es la acción personal en la que la madre reclama el reembolso de lo que pagó en exceso y esa controversia no es de la jurisdicción de ASUME**. La presentación de un pleito de cobro de dinero como pretende ASUME tampoco es razonable.

A nuestro juicio, los más correcto y razonable es el cierre y archivo de este caso **para que la controversia continúe**

**atendiéndose en el caso K AC2012-1222. Las partes están litigando en el caso K AC2012-1222 la división de bienes, la única controversia que queda viva en este pleito.** El foro recurrido tomó conocimiento judicial de que la apelada reclamó en ese pleito el pago la deuda personal por los alimentes a los que contribuyó en exceso. Este tribunal estudió los autos del **caso K AC2012-1222** y confirmó que en la minuta del 6 de junio de 2017 del Comisionado y Contador Partidor consta lo siguiente:

> En el caso, que nos ocupa, la señora Viscal tiene a su favor la acción de reembolso la que conforme el derecho vigente previamente citado, puede ejercer en el caso de liquidación de bienes o mediante la presentación de un caso de cobro de dinero para el cobro de la totalidad de la deuda, conforme establecido en *Figueroa Robledo v. Rivera Rosa*, supra. Contrario al caso de Figueroa Robledo en el que existía controversia en torno al incumplimiento y al monto de la deuda, por lo que fue devuelto a instancia para su determinación, en el caso que nos ocupa, el monto de la deuda fue estipulado por las partes, se trata de un contrato de transacción que obliga a las partes. El demandado incluso admitió la deuda bajo juramento ante la Corte de Quiebras. No puede pretender ahora, el demandado, ir contra sus propios actos.

> [...]

> Por último, es importante destacar que conforme surge de la Resolucion de 5 de diciembre de 2013 en el caso de divorcio, la deuda de pensión alimentaria que se estableció en la cantidad de $135,000 hasta el 31 de agosto de 2013, se compone de $65,197.35 de deuda de pensión alimentaria y $69,802.65 de gastos de estudio o extraordinarios que le correspondía al padre pagar y los pagó la señora Viscal.

> Procede que, conforme a la norma establecida en *Figueroa Robledo v. Rivera Rosa*, supra, se reconozca en este caso un crédito a favor de Viscal por el monto completo de la deuda.

El peticionario cuestiona que el TPI no atendió su reclamo de encontrar a ASUME incurso en desacato, por desobedecer la orden de no entregar el cheque a la recurrida. Sin lugar a duda, todas las partes están obligadas a cumplir con las órdenes del tribunal. ASUME no es la excepción. No obstante, como foro apelativo reconocemos la difícil tarea y los retos que representa para el TPI

cumplir la delicada misión tripartita de arribar una solución justa en forma expedita y económica, como se exige en las Reglas de Procedimiento Civil. *Vives Vázquez v. ELA,* supra, págs. 140-142. La continuación de un caso, que ya no tiene razón de ser, porque los alimentistas son mayores de edad y su derecho a reclamar alimentos expiró, no abona a los objetivos que persigue la Regla 1 de Procedimiento Civil, supra. Por esa razón, avalamos la decision del TPI de desestimar el caso sin considerar ningún otro asunto. Nuestra decisión para nada fomenta el incumplimiento con las órdenes del tribunal. Sin embargo, (1) la economía procesal, (2) el evitar la dualidad de pleitos y la bifurcación o fragmentación de los procedimientos sobre un mismo asunto y las decisiones inconsistentes y contradictorias, (4) el logro de la más eficiente administración de la justicia y (5) la obtención de una solución justa, expedita y económica, son razones suficientes para la desestimación, sin la atención de ningún otro asunto, que siga perpetuando un pleito innecesario.

No obstante, advertimos que la cantidad entregada por ASUME a la recurrida tendrá que abonarse a la deuda cuyo pago reclama en el K AC2012-1222 y que fue estipulada.

**IV.**

Por lo antes expuesto, se expide el auto, se modifica la decision recurrida únicamente para dejar sin efecto que el peticionario tiene que presentar una acción inmediata en ASUME para recuperar el dinero pagado indebidamente a la recurrida. Por lo demás, queda en pleno vigor y se confirma la desestimación de este caso y el cierre del caso en ASUME.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones